28 F.3d 1208
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David W. BLUE; Aetna Casualty & Surety Company, Plaintiffs-Appellants,
v.
WALLS INDUSTRIES; K-Mart Corporation, Defendants-Appellees,
and L.B. White Company, Incorporated, Defendant.
 No. 93-2516.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1994.
Decided July 12, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-93-92)
 Dennis P. Brumberg, Lutins & Shapiro, Roanoke, Va., for appellants.
 Robert Barnes Delano, Jr., Sands, Anderson, Marks & Miller, Richmond, Va., for appellees.
 On brief: Margaret K. Garber, Lutins & Shapiro, Roanoke, Va., for appellants.
 John A. Conrad, Henry C. Spaulding, III, Sands, Anderson, Marks & Miller, Richmond, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL and WILKINSON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 David Blue was injured when his clothes caught fire without his knowledge while he was warming his breakfast on a propane heater in the warehouse where he worked. At the time, Blue was wearing coveralls that were insulated so it was possible for the coveralls to catch fire without the wearer immediately noticing. Blue's coveralls were manufactured by Walls Industries and purchased at K-Mart.
 
 
 2
 Blue brought suit against Walls Industries and K-Mart for negligent failure to warn, breach of implied warranty of merchantability, and breach of implied warranty of fitness for particular purpose.* Because Blue's injuries occurred in the course of his employment, he received workers' compensation benefits from Aetna Casualty & Surety Company, his employer's workers' compensation insurance carrier. Under its subrogation right, Aetna joined the action as a party plaintiff.
 
 
 3
 The district court granted summary judgment for the defendants and found that Blue did not show that the defendants' failure to warn him was the proximate cause of his injury. It found that a warning in the coveralls would not have made Blue act differently because Blue cannot read and his wife testified she did not read the labels in his clothing. It also found that Blue persisted in standing close to the heater to warm himself and to heat food even though his clothing had caught fire while he was close to the heater several times in the past. The district court also found that Blue was contributorily negligent.
 
 
 4
 We agree with the district court and affirm for the reasons set forth in that court's Memorandum Opinion of October 26, 1993.
 
 AFFIRMED
 
 
 *
 Blue also brought suit against L.B. White Company, the manufacturer of the propane heater, but that claim is not at issue in this appeal